## MARRIED WOMAN.

[Huron Circuit Court.]

### EDMUND L. SANDERS v. SARAH E. SHEPHERD.

LIEN UPON THE SEPARATE ESTATE OF A MARRIED WOMAN—HOW ACQUIRED.

A married woman can be sued on all contracts that she may rightfully make, exactly the same as if she were unmarried; that is the only way she can be sued, and the only way a lien on her separate estate, can be acquired.is to have a personal judgment for money, unless there is by contract a specific lien upon her real or personal property; and, therefore, where the petition does not ask for a personal judgment, and no personal judgment is rendered, no lien is acquired upon her separate estate.

KING, J.

This is a proceeding in error brought for the purpose of reversing the judgment of the court of common pleas. One Levi Lee began an action against Hannah E. Ward in September, 1885, on two notes that were held against her one dated September 1, 1881, for $100, and one of March 10, 1882, for $30.

He alleged, and his petition showed upon the face of it, that said Hannah E. Ward was surety on each of these notes and was a married woman.

Such proceedings were had in that action that in November of 1885, the court rendered this decree: "Now comes the plaintiff by his attorney and the demurrer of the defendant to the plaintiff's petition having been overruled and the defendant being in default for answer, the court find that the allegations of the petition are confessed by her to be true, and that the defendant is indebted to the plaintiff in the sum of one hundred and sixty-four and $\frac{13}{100}$ dollars. The court further find as alleged in the petition that said defendant was at the time of incurring said liability a married woman; that she was possessed of the property in the petition described as her own separate estate and that she intended to and did charge the same with the payment of said indebtedness. It is therefore considered by the court that unless the said defendant shall within ten days from the entry hereof pay or cause to be paid to this plaintiff the said sum of $164.13, together with interest thereon at the rate of eight per cent. and his costs herein expended, said premises shall be sold as upon execution and an order shall issue therefor to the sheriff of said county of Huron, and that said sheriff bring the proceeds of said sale into court for its further order."

That was the decree, as appears upon its face, declaring this amount that was due, a lien upon her specific estate and ordering it sold to pay up the lien. It appears that after that, an order of sale was issued and returned immediately by order of the plaintiff's attorney, and. that on October 23, 1890, an execution was issued to the sheriff and that was returned by order of plaintiff's attorney but not until a levy had been

Sanders v. Shepherd.

made upon the real estate described in the petition, to-wit, lots 68 and 69, in the town plat of the village of North Fairfield, Huron county, Ohio.

The defendant in error, Sarah E. Shepherd, was defendant below and the agreed statement of facts on which the case was submitted to the court below, shows that she is the owner by inheritance, of the decree or whatever there is of this judgment, the decree that was rendered in favor of Lee.

The plaintiff in error, Edmund L. Sanders, on November 2, 1888, took and received a note of one Horace Ward for $200 and at the same time received from Horace Ward, who assigned to him for that purpose, a note and mortgage as collateral security for this note. The note assigned as collateral security was executed by H. E. and Volney Ward, and was dated March 3, 1888. The note was for $110 secured by mortgage on these premises, lots 68 and 69 on the town plat of the village of North Fairfield, executed by Hannah Ward.

The question submitted to the court below was, which of these claims was the prior lien upon this property. The court below held that the decree rendered in 1885, being prior in date, was the prior lien upon these premises. It is contended here that that holding was incorrect, the argument being that the statutes of Ohio have by their enactment, changed the method of procedure against married women, so that in order to sue her now upon a claim like this, upon a note or a contract for the payment of money, she must be sued as a *feme sole* and such judgment rendered against her as though she were unmarried, or such proceedings had as though she were unmarried; that this legislation has effected a complete change from the former equitable proceeding which was or might be brought, where a married woman was liable to have her separate estate charged with the payment of a claim in equity. The proposition, when submitted, was new to me, and I think it struck the court as different at least, from what we had supposed the law to be.

The statue in force when this indebtedness was incurred is found in 76 O. L., 3. It was enacted in 1879 (76 O. L., 3), and provides that, " Where a married woman is a party, her husband must be joined with her, except that where the action concerns her separate property, or is upon a written obligation, contract or agreement, signed by her, or is brought by her to set aside a deed or will, or is brought by her to collect a legacy ; or, if she be engaged as owner or partner in any mercantile or other business, and the cause of action grows out of or concerns such business, or is between her and her husband, she may sue or be sued alone. And in all cases where she may sue and be sued alone, the like proceeding shall be had, and the like judgment rendered and enforced in all respects as if she were an unmarried woman."

That was repealed and re-enacted in 1884 and is found in 81 O. L., 65. I should say that in the meantime, there has been a revision of the statute which divides that section into two sections, and the revision known as secs. 4996 and 5319, Rev. Stat., was in force from 1880, to 1884, and in 1884, before the commencement of this action, the statute read as follows, (sec. 4996): " A married woman shall sue and be sued as if she were unmarried and her husband shall be joined with her only when the cause of action is in favor of or against both her and her husband."

Section 5319 Rev. Stat., reads as follows: " When a married woman sues or is sued, like proceedings shall be had and judgment ren-

dered and enforced as if she were unmarried, and her property and estate shall be liable for the judgment against her, but she shall be entitled to the benefits of all exemptions to heads of families."

Under that statute, the Supreme Court have rendered some decisions. I can only briefly refer to them, and the first is the case of Hill v. Myers, 46 O. S., 183. The court say on page 191, (speaking of the case before them):

"If no personal judgment could have been awarded against her and enforced by execution, it might have been proper to invoke the remedy in equity of specifically subjecting her separate property. But under the statutory provisions herein considered, authorizing a personal judgment against a married woman followed by execution where the action concerns her separate estate an effective remedy is afforded and a creditor should not, by adopting the form of chancery procedure where he has no specific lien, be permitted to hold her separate estate to any greater extent, or by a firmer grasp, than he could, under like conditions, hold the property of her husband or that of an unmarried woman."

The case of the Society of Friends v. Haines, 47 O. S., 423, is an action upon an agreement incorporated, or alleged to have been incorporated, in a deed. A husband purchased certain lands and gave a mortgage upon it for the purchase money and while that mortgage was outstanding, he, through a trustee, conveyed this land to his wife. The mortgage was foreclosed and the property sold but did not sell for enough to pay the mortgage. By supplemental petition in the same action it was alleged that as part consideration for the conveyance to the wife, she did then and there assume the payment and discharge of the promissory note and money evidenced thereby which are set up in the original petition and made the indebtedness evidenced thereby her own debt and agreed to pay for and discharge the same.

It was contended that that did not constitute a cause of action against her. The court say, on page 429, that, "No particular form of words is required to constitute a good pleading. It is sufficient if the necessary facts are stated. In this case the allegations of the petition show that Mrs. Haines purchased and received a deed of the property described, and entered into possession of it. This showed that, under sec. 3108, the land was her separate estate, and, with the further allegation that the indebtedness referred to was a part of the consideration for the conveyance which she agreed to pay, showed such circumstances as justified the inference that she intended to charge her separate estate with its payment; otherwise, the transaction, on her part was meaningless. No rule of good pleading was violated by omitting to aver, in direct language, that she intended to charge her separate estate. The supplemental petition made a case against her."

In the case of Cord Fabrique Co v. Stanage, 50 O. S., 417, the court in rendering its opinion, says on page 425, that,—" It is contended in behalf of the plaintiff, that under the statutes in force in the year 1886, an action was maintainable in equity to charge the separate estate of Mrs Stanage,—a non-resident of this state—upon her alleged liability under the written agreement entered into between herself and the plaintiff; and that the court acquired jurisdiction through constructive service by publication."

The case turned upon the question whether they had a lien upon this real estate and could maintain an action in equity against it. At the bottom of page 425, the court say:

Sanders v. Shepherd.

"If no personal judgment could be rendered against the wife, the obvious remedy of the plaintiff would be, an appeal to the court, in the exercise of its equity powers, to lay hold of the wife's separate property, and apply it in payment of her equitable obligations. Although no specific lien was created on her separate property by the written contract; yet, there would be an equitable charge upon her estate, and a liability of it to be taken in payment by decree, as a man's property may be taken on execution."

"But by statutes,—in force when the written agreement in question was entered into, and when the original action was commenced,—a married woman may now sue and be sued at law, as if she were an unmarried woman; and any judgment rendered against her may be enforced as if she were unmarried, and her property may be taken on execution to satisfy such judgment, to the same extent that the property of her husband might be taken in satisfaction of a judgment against him."

I need not follow that opinion, but it concludes that she could be sued only as an unmarried woman might be sued; that no jurisdiction over her property could be obtained by filing a suit in equity to charge this upon specific real estate; but she must be sued and personal service had upon her and a personal judgment rendered against her which would be enforced against her as against her husband or against an unmarried woman.

This seems to be the unbroken line of authority which conclusively determines the question; that since the passage of this remedial statute providing that when an action was such as concerned her separate estate, that she might sue or be sued alone; and that in every such case, like proceedings should be had and a like judgment rendered as if she were unmarried, and upon the revision of the statute and a separation of that section into two, there has been no exception as to a cause of action that may be maintained against married women; in other words, she can be sued on all those contracts she might rightfully make just exactly the same as if she were unmarried; that is the only way she can be sued, and the only way you can collect against her is to have a personal judgment for money, unless you have by contract a specific lien upon real or personal property; so that we are led to the conclusion,—novel though it be to us—that the decree which was rendered in 1885, which sought to make this claim of Lee a charge upon this real estate, was to that extent of no effect. The petition in the case did not ask for personal judgment and no personal judgment was rendered against her and no lien upon her estate was acquired by that decree, because the court did not have the power to decree one, and for that reason, this judgment must be reversed. The decree of this court will be that the claim of Sanders, the plaintiff below will be the first lien and order of sale will issue accordingly.

*J. R. McKnight,* for plaintiff.

*Stewart & Rowley,* for defendant.